---o---

## No. 6958.

## EUREKA HOMESTEAD SOCIETY v. E. T. DUNN, RECORDER OF MORTGAGES.

### Syllabus.

A certificate from a Recorder, is incomplete until it is dated and signed, and those who act upon a certificate in an unfinished state, do so at their own risk and peril, and cannot look to such recorder for the damages they may suffer therefrom.

Appeal from the Civil District Court, Parish of Orleans, No. 112,225, Division "B"; Honorable Fred D. King, Judge. Reversed.

McCloskey & Benedict, for plaintiff and appellee.

George Montgomery, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a suit for damages suffered by plaintiff by reason of an alleged false certificate issued by defendant in his official capacity whereon he failed to report an existing mortgage, which plaintiff was afterwards compelled to pay.

The mortgage was recorded December 15th, 1913. The certificate was applied for May 22nd, 1914. The act of sale for which it was intended was passed June 10th, 1914.

At the time the act of sale was passed the certificate was neither dated nor signed; but later on the same day, and after the act was passed, the certificate was dated and signed, at which time the mortgage was discovered and inserted in the certificate before the signing and dating thereof.

It seems that there is a custom by which a certificate when applied for is made at once, but (for the convenience of Notaries) is not dated or signed until the notary requests that this be done. Whereupon the certificate is then checked over, dated, signed and delivered to the notary.

Sometimes the notary withdraws the certificate before it is dated and signed, and passes his act upon the appearance of the certificate in its then unfinished state, as was done in this case.

And usually no harm comes of this, as the certificate happens generally to be correct, even though not checked up; but sometimes an error is detected only on the check up.

The question therefore arises whether the Recorder is liable for damages resulting from an omission in an unfinished certificate, upon the faith of which a party has acted.

We think not; a certificate is manifestly incomplete as long as it is neither dated or signed. It shows on its face that the officer issuing it has not yet finally acted upon it. And until he has so acted upon it he has always the right to revise and recheck it to make certain that it is correct. And the best proof that such certificates are not considered final, is that the parties themselves eventually insist upon having them dated and signed.

Hence those who act upon a certificate thus incomplete, do so at their own risk and peril.

For they have not acted upon the faith of any official act, since an act unfinished is an act undone.

We think the judgment appealed from is erroneous.

The judgment appealed from is therefore reversed and it is now ordered that the demand of the plaintiff be rejected at its cost in both courts.

Opinion and decree, March 19th, 1917.

Rehearing refused, May 14th, 1917.

Writ denied, June 13th, 1917.